UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00198-KJM-3 |
| Plaintiff, | ORDER |
| v. | |
| Julio Tapia-Sanchez, | |
| Defendant. | |

After defendant Julio Tapia-Sanchez pled guilty to Count 1 of the indictment, conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), Mins. Change of Plea Hr'g, ECF No. 127; Indictment, ECF No. 32, this court sentenced him to 70 months of imprisonment, Mins. Sent'g, ECF No. 154.

Defendant, who remains in federal custody, has filed a "Motion to file a 1983 Bivens Claim" against the Sacramento County Sheriff's Department for injuries he suffered while in its custody. Mot., ECF No. 174. "As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case." *United States v. Luong*, No. 99-433, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) (collecting cases).

"Permitting defendant to file grievances in his criminal proceeding not directly related to his ability to exercise his rights in that proceeding would circumvent his obligation to exhaust administrative remedies before seeking redress in court." *Id.* Moreover, the only parties in this matter are the United States and defendant; the Sacramento County Sheriff's Department is not a party to this criminal proceeding. Accordingly, the motion is **denied without prejudice** to refiling as a separate civil action. *See, e.g.*, *United States v. Davis*, No. 08-0474, 2019 WL 1428112, at *2 (E.D. Cal. Mar. 29, 2019) (holding similarly); *United States v. Hollis*, No.08-276, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009) (same); *cf. United States v. Yandell*, No. 19-00107, 2021 WL 4777113, at *3 (E.D. Cal. Oct. 13, 2021) ("Federal pretrial detainees may ordinarily challenge the conditions of their confinement only in a separate civil action[.]").

This order resolves ECF No. 174.

IT IS SO ORDERED.

DATED: July 10, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE