UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Julio Tapia-Sanchez,<br><br>　　　　　　Defendant. | No. 2:20-CR-00198-3-KJM<br><br>ORDER |

　　　　Proceeding pro se, defendant Julio Tapia-Sanchez moves the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. Mot., ECF No. 172. The government opposes. Opp'n, ECF No. 177.

　　　　Amendment 821, which applies retroactively, provides for a two-level reduction in the offense level of certain zero-point offenders, meaning defendants who received zero criminal history points. U.S.S.G. § 4C1.1; *see United States v. Hoffman*, No. 08-00027, 2024 WL 870335, at *2 (D. Nev. Feb. 28, 2024). A defendant is entitled to a reduction under this provision if the defendant meets all criteria listed in that section, including "the defendant did not receive any criminal history points[.]" U.S.S.G. § 4C1.1(a)(1).

　　　　Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the zero-point offender provision noted above. Mot. at 2. However, as noted, in order to qualify for the

two-level reduction under section 4C1.1, defendant must have not received any criminal history points. *See* U.S.S.G. § 4C1.1(a)(1). Defendant received three criminal history points based on his prior convictions. *See* Presentence Investigation Report (PSR) ¶¶ 14–17, ECF No. 144; *see also* Statement of Reasons (adopting PSR without change) (on file with court). Therefore, he is not eligible for a sentence reduction under § 4C1.1. *See, e.g.*, *United States v. Aguilar*, No. 13-00296, 2024 WL 1521382, at *1 (E.D. Cal. Apr. 8, 2024) (similarly holding defendant ineligible for a sentence reduction because he had one criminal history point). The motion is **denied.**

This order resolves ECF No. 172.

IT IS SO ORDERED.

DATED: July 29, 2024.

CHIEF UNITED STATES DISTRICT JUDGE